IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAWN CLARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3105 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Plaintiff Dawn Claro appeals the denial of her application for disability insurance benefits under the Social Security Act.  42 U.S.C. § 405(g).  The parties have filed cross motions for summary judgment.  For the reasons set forth below, Defendant Commissioner's Motion for Summary Affirmance (d/e 11) is ALLOWED, and Plaintiff Claro's Motion for Summary Judgment (d/e 10) is DENIED.  The Decision of the Commissioner is affirmed.

STATEMENT OF FACTS

Claro was born on February 10, 1976.  She is right-handed.  She

1

graduated from high school and completed a vocational training program in accounting in 1995. She thereafter worked as an accounting clerk until 2002. She has not worked since 2002. She filed her disability application on August 9, 2006, alleging that her disability began on February 1, 2005.

Claro has not challenged the Administrative Law Judge's (ALJ) evaluation of the medical evidence. The Court, therefore, will refer to the ALJ's summary of the medical evidence. Claro suffered from Kienbock's syndrome and carpal tunnel syndrome in her right hand and wrist. These conditions caused swelling and numbness in her right hand and wrist. As a result, she became limited in her ability to grasp and perform manipulations with her right hand. <u>Answer (d/e 7)</u>, attached <u>Certified Record of Proceedings (R.)</u>, at 11. Claro also suffered from a rotator cuff tear in her right shoulder. In January 2007, she had surgery on her shoulder to correct the rotator cuff tear. In October 2007, she had surgery on her right wrist and arm to address the Kienbock's syndrome and carpal tunnel syndrome. <u>R.</u> 13. Claro also suffered from depression and social phobia. <u>R.</u> 13.

The ALJ held a hearing on her case on July 8, 2008. Claro testified, along with vocational expert J. Stephen Dolan, M.A. Claro testified

regarding the severity of her condition. Claro also submitted a written statement by Claro's husband that corroborated her testimony. The ALJ found that Claro's testimony and her husband's statement regarding the severity of her condition were not credible. R. 17. Claro does not challenge these findings on appeal.

Vocational expert Dolan testified at the hearing after Claro. The ALJ and Dolan engaged in the following colloquy:

> Q.   [A]ssume a hypothetical individual of Ms. Claro's age, education, and work experience. And assume that that person could lift 20 pounds on occasion, 10 pounds frequently. And could stand at least six hours in an eight-hour work day, and could sit at least six. And with the right upper dominant extremity, would have -- we'll get to that in a minute -- would have some problems. But also the person should avoid climbing ladders, ropes, and scaffolds. And then with the -- well, with both upper extremities, the person would be limited to occasionally handling and fingering. But reaching and kneeling would be okay. No problem. . . . [T]he person should avoid jobs that require, you know, pretty much lengthy, if not constant gripping of tools or instruments. And especially those that could be -- cause vibrations like -- well, ones that would cause vibrations. Either run by electric or air, I guess. And the person . . . should avoid working at unprotected heights and around unprotected dangerous machinery. With those restrictions, would the -- any of the past work be able to be performed?
>
> . . . .
>
> A    All of the Claimant's past relevant work would be

eliminated by those restrictions because they all involve frequent use of the hands for handling and fingering.

Q   Okay. Would there be other jobs that could be performed at the, say the light level?

A   Very, very few, Your Honor. And the reason is that most jobs -- except jobs that are very highly skilled -- require frequent use of the hands.

Q   Okay.

A   And you've eliminated that. There are some jobs. For instance, unarmed security guard jobs in some circumstances might only have to use their hands occasionally. Maybe 7,000 of those in the state of Illinois.

Q   All right.

A   But I --

Q   Is that light?

A   That would be light, Your Honor. But any job that required using a computer or a cash register, or using a pen or pencil --

Q   Um-hum.

A   -- or operating machinery would be eliminated by these restrictions.

Q   All right. Any sedentary work available?

A   The sedentary work would -- is even more likely to be eliminated than the light work, Your Honor. Sedentary workers are always working with their hands.

4

R. 42-44. The ALJ concluded the hearing at the end of Dolan's testimony.

The ALJ issued his Decision on August 5, 2008. The ALJ followed the five-step analysis set forth in the Social Security Administration Regulations (Analysis). 20 C.F.R. §§ 404.1520, 416.920. Step 1 requires that the claimant not be currently engaged in gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If true, Step 2 requires the claimant to have a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If true, Step 3 requires a determination of whether the claimant is so severely impaired that she is disabled regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Such severe impairments are set forth in the Appendix to the Regulations referred to as the Listings. 20 C.F.R. Part 404 Subpart P, Appendix 1. The claimant's condition must meet the criteria in a Listing or be equal to the criteria in a Listing. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not so severely impaired, then Step 4 requires the ALJ to determine whether the claimant is able to return to her past relevant work considering her residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant cannot return to her prior work, then Step 5 requires a determination of whether the claimant is disabled

considering her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant has the burden of presenting evidence and proving the issues on the first four steps. The Commissioner has the burden on the last step; the Commissioner must show that, considering the listed factors, the claimant can perform some type of gainful employment that exists in the national economy. Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995).

The ALJ found that Claro met her burden of proof at Steps 1 and 2 of the Analysis. She was not engaged in substantial gainful activity and she had severe impairments due to her Kienbock's syndrome, carpal tunnel syndrome, rotator cuff tear, social phobia, and depression. At Step 3, the Court determined that Claro's impairments did not meet or equal any Listing. R. 17.

At Step 4, the ALJ found that Claro could not return to her past work. The ALJ found that Claro had the RFC to perform light work with the following additional restrictions: no climbing of ropes, ladders or scaffolds; no more than occasional handling, fingering, reaching, tactile feeling, pushing or pulling; no use of vibrating tools; and no concentrated or excessive exposure to unprotected heights or dangerous machinery. R. 17.

The ALJ explained:

> The undersigned finds that because of combined right upper extremity impairments, there is enough in the way of exertional limitation to prevent the claimant from performing past relevant work, which the vocational expert classified as ranging from light to sedentary in exertion, but involving a lot of repetitive use of the hands. The accounting job was skilled, but with no usable transferable skills in light of the hand limitations. . . .
>
> Although the undersigned finds that the claimant cannot perform past relevant work, he finds no persuasive medical reason why the claimant could not perform light work not requiring climbing of ropes, ladders or scaffolds; doing more than occasional handling, fingering, reaching, tactile feeling, pushing or pulling; using vibrating tools; or having concentrated or excessive exposure to unprotected heights or dangerous moving machinery.

R. 14.

The ALJ found that the Commissioner met his burden at Step 5, that Claro could perform a substantial number of jobs in the national economy. The ALJ concluded that Claro could perform one of 7,000 unarmed security guard jobs. R. 18. The ALJ relied on Dolan's testimony for this finding. R. 14.

Claro appealed to the Commission's Appeals Council. The Appeals Council denied her request for review on March 11, 2009. Claro then filed this action for judicial review.

7

ANALYSIS

Claro raises two issues on appeal. First, Claro argues that the Decision must be reversed because the two paragraphs from the ALJ's decision quoted above are "intrinsically contradictory." Brief in Support of Plaintiff (d/e 9) (Brief), at 5.[1] Second, Claro argues that the ALJ's Decision must be reversed because Dolan did not opine regarding the number of jobs that a person with Claro's age, experience, education, and RFC could perform. Id., at 7.

This Court reviews the ALJ's Decision to determine whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the Decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court must accept the ALJ's findings if they are supported by substantial evidence, and may not substitute its judgment for that of the ALJ. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). The ALJ further must articulate at least minimally his analysis of all relevant evidence. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). The Court must be able to "track" the analysis to

---

[1] Claro's counsel did not number the pages in the Brief. The Court uses the page number assigned by the Court's electronic filing system.

determine whether the ALJ considered all the important evidence. Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995).

The ALJ's Decision is supported by substantial evidence. Claro does not challenge the ALJ's evaluation of either the medical evidence or her testimony. That evidence supports the ALJ's decisions at Steps 1 through 4 of the Analysis. Dolan's testimony supports the ALJ's decision at Step 5. Dolan opined that Claro could perform one of 7,000 unarmed guard jobs existing in Illinois.

Claro argues that the ALJ's quoted statements are inconsistent. The Court disagrees. The ALJ stated that Claro could not perform her past work as an accounting clerk because she could not perform the required repetitive use of her hands. The ALJ also stated that Claro had no transferable skills to other available jobs because of her limitations on fingering and handling. The ALJ, however, also stated that Claro could perform a few unskilled jobs at the light exertional level. R. 14. The ALJ's statements are consistent with Dolan's testimony. Dolan testified that Claro could perform a few jobs at the light exertional level because, at that level, a few unskilled jobs existed that did not require more than occasional handling or fingering. Dolan also testified that Claro could not perform any sedentary jobs because all of the

unskilled jobs that existed at that exertional level required more than occasional handling or fingering.  R. 43.  The ALJ's quoted statements are consistent with that testimony.  There was no error.

Claro also argues that the ALJ's decision at Step 5 is not supported by Dolan's testimony.  Dolan testified:

> There are some jobs.  For instance, unarmed security guard jobs in some circumstances might only have to use their hands occasionally.  Maybe 7,000 of those in the state of Illinois.

R. 44.  Based on this testimony, the ALJ concluded that the Commissioner met his burden at Step 5 because Claro could perform one of the 7,000 jobs. Claro argues that Dolan meant that Claro could only perform some of the 7,000 unarmed guard jobs because only some of the unarmed guard jobs required the person to use her hands only occasionally.  Claro argues that Dolan never stated how many of the 7,000 guard jobs could be performed by a person with Claro's limitations.  Thus, the Commissioner failed to submit evidence establishing that Claro could perform a significant number of jobs that exist in the national economy.

The Court again disagrees.  The ALJ presided over the hearing and saw and heard Dolan testify.  Dolan opined that 7,000 jobs existed in Illinois. The ALJ understood him to mean that 7,000 unarmed security jobs existed

in Illinois that did not require more than occasional handling and fingering. The ALJ's interpretation of Dolan's testimony was reasonable. The Court will not second-guess the ALJ's interpretation of Dolan's testimony. Seven thousand jobs is a substantial number of jobs in the national economy for purposes of Step 5 of the Analysis. See Liskowitz v. Astrue, 559 F.3d 736, 743 (7th Cir. 2009) (1,000 jobs is sufficient to meet the requirement at Step 5). Dolan's opinion supported the ALJ's determination at Step 5. There was no reversible error.

THEREFORE, the Defendant Commissioner's Motion for Summary Affirmance (d/e 11) is ALLOWED, and Plaintiff Claro's Motion for Summary Judgment (d/e 10) is DENIED. The Decision of the Commissioner is affirmed. Summary judgment is entered in favor of Defendant Commissioner Michael Astrue and against Plaintiff Dawn Claro. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: April 1, 2010

    FOR THE COURT:

                            s/ Jeanne E. Scott
                            JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE